UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMBER RAE KINGSLEY,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | No. 2:14-cv-1157 DB<br><br><br><br>ORDER |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment.[1] For the reasons explained below, plaintiff's motion is granted, defendant's cross-motion is denied, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings consistent with this order.

PROCEDURAL BACKGROUND

In May of 2011, plaintiff filed applications for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act") and for Supplemental Security Income ("SSI") under Title XVI of the Act alleging disability beginning on March 6, 2008. (Transcript

---

[1] Both parties have previously consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c). (See Dkt. Nos. 9 & 14.)

1

("Tr.") at 17, 219-27.) Plaintiff's applications were denied initially, (id. at 148-71), and upon reconsideration. (Id. at 174-78, 180-85.)

Thereafter, plaintiff requested a hearing which was held before an Administrative Law Judge ("ALJ") on September 12, 2012. (Id. at 43-79.) Plaintiff was represented by an attorney and testified at the administrative hearing. (Id. at 43-44.) In a decision issued on February 11, 2013, the ALJ found that plaintiff was not disabled. (Id. at 31.) The ALJ entered the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through May 31, 2011.
>
> 2. The claimant has not engaged in substantial gainful activity since March 6, 2008, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).
>
> 3. The claimant has the following severe impairments: status-post left foot Lisfranc fracture, chronic back pain, borderline personality disorder, and mood disorder NOS (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except lift/carry 20 pounds occasionally and 10 pounds frequently, sit eight hours in an eight-hour day, and stand/walk four to six hours in an eight-hour day. She could occasionally to frequently use her left foot, occasionally work in humidity and extremely cold weather, and frequently climb, balance, stoop, kneel, crouch, and crawl. Mentally, she could perform jobs that would only require occasional interaction with supervisors.
>
> 6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).
>
> 7. The claimant was born on May 21, 1980 and was 27 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).
>
> 8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).
>
> 9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a

2

> framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).
>
> 10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).
>
> 11. The claimant has not been under a disability, as defined in the Social Security Act, from March 6, 2008, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Id. at 19-30.)

On April 3, 2014, the Appeals Council denied plaintiff's request for review of the ALJ's February 11, 2013 decision. (Id. at 1-3.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on May 12, 2014. (Dkt. No. 1.)

## LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

/////

3

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

In her pending motion plaintiff asserts that the ALJ's treatment of the medical opinion evidence constituted error. (Pl.'s MSJ (Dkt. No. 18) at 16-17.[2]) The weight to be given to medical opinions in Social Security disability cases depends in part on whether the opinions are proffered by treating, examining, or non-examining health professionals. Lester, 81 F.3d at 830; Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant . . . ." Lester, 81 F.3d at 830. This is so because a treating doctor is employed to cure and has a greater opportunity to know and observe the patient as an individual. Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir. 1990).

/////

---

[2] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

4

The uncontradicted opinion of a treating or examining physician may be rejected only for clear and convincing reasons, while the opinion of a treating or examining physician that is controverted by another doctor may be rejected only for specific and legitimate reasons supported by substantial evidence in the record. Lester, 81 F.3d at 830-31. "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." (Id. at 831.) Finally, although a treating physician's opinion is generally entitled to significant weight, "'[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.'" Chaudhry v. Astrue, 688 F.3d 661, 671 (9th Cir. 2012) (quoting Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009)).

**A. Dr. Terra L. Rea**

Here, on March 23, 2011, plaintiff's treating psychologist, Dr. Terra L. Rea, opined that plaintiff's diagnoses included "Mood Disorder NOS and also . . . multiple symptoms consistent with Borderline Personality Disorder." (Tr. at 335.) According to Dr. Rea, plaintiff's symptoms included "chronic affective instability, chronic suicidal ideation, a pattern of unstable and intense interpersonal relationships, and impulsivity." (Id.) Plaintiff's symptoms were "likely to be chronic and moderate to severe." (Id.)

Ultimately, it was Dr. Rea's opinion that plaintiff was "unlikely to be successful working in any setting that requires interaction with others, including the public," as plaintiff "would likely display inappropriate mood instability, agitation, and impulsivity that would significantly impair her capacity to complete her job task." (Id.) Plaintiff could "possibly perform work at home, at her own pace, and with minimal oversight," but "any traditional 'job' would be inappropriate for her." (Id.) According to Dr. Rea, it was "unlikely [plaintiff] will ever be appropriate to function in a traditional workplace setting." (Id.)

The ALJ's decision briefly discussed Dr. Rea's opinion, (id. at 23), before assigning the opinion "minimal weight" in a vague and conclusory manner. (Id. at 29.) In this regard, the ALJ's entire stated reason for affording the opinion of plaintiff's treating physician minimal

weight is that the opinion was purportedly "not consistent with the claimant's multiple daily activities" or with the opinions of the examining and non-examining physicians. (Id.) The ALJ's decision provides no further explanation.

"If a treating physician's opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record, it will be given controlling weight.'" Orn v. Astrue, 495 F.3d 625, 631 (9th Cir. 2007) (quoting 20 C.F.R. § 404.1527(d)(2)). However, "[e]ven when contradicted by an opinion of an examining physician that constitutes substantial evidence, the treating physician's opinion is 'still entitled to deference.'" Id. at 632-33 (quoting S.S.R. 96-2p at 4).

Accordingly, "'[i]f a treating . . . doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence.'" Ryan v. Commissioner of Social Sec., 528 F.3d 1194, 1198 (9th Cir. 2008) (quoting Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005)). "An ALJ can meet the 'specific and legitimate reasons' standard 'by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings.'" Hart v. Colvin, 150 F.Supp.3d 1085, 1089 (D. Ariz. 2015) (quoting Cotton v. Bowen, 799 F.2d 1403, 1408 (9th Cir. 1986)); see also Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998) ("The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct."). Here, the ALJ merely offered his conclusions with respect to Dr. Rea's opinion.

### B. Non-Examining Physician

Plaintiff also argues that the ALJ's treatment of the non-examining physician evidence constituted error. (Pl.'s MSJ (Dkt. No. 18) at 16-17.) In this regard, plaintiff argues that the ALJ's decision purported to give great weight to the non-examining physician opinions, despite the fact that those opinions were more restrictive than the ALJ's ultimate residual functional capacity determination and found "insufficient evidence to evaluate claimant's physical impairment status" for the period of March 6, 2008 to July 17, 2012. (Id. at 16.)

////

### C.  Dr. Farjallah Nassim Khoury

However, in addition to assigning the opinions of the non-examining physicians great weight, the ALJ also afforded great weight to the opinion of examining physician Dr. Farjallah Nassim Khoury.  (Tr. at 29.)  Dr. Khoury's opinion is consistent with the ALJ's residual functional capacity determination.  (Id. at 1396-1406.)  An examining physician's opinion constitutes substantial evidence when, as here, it is based on independent clinical findings.  See Orn, 495 F.3d at 631.

Accordingly, for the reasons stated above, the court finds that plaintiff is entitled to summary judgment on her claim that the ALJ's treatment of the medical opinion evidence constituted error.

## CONCLUSION

With error established, the court has the discretion to remand or reverse and award benefits.  McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).  A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014).  Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act."  Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin.,, 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

////

Here, given the conflicting evidence of record, the ALJ's vague and conclusory treatment of Dr. Rea's opinion, and the lack of testimony from a Vocational Expert, the court cannot find that further administrative proceedings would serve no useful purpose. This matter will, therefore, be remanded for further proceedings.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (Dkt. No. 18) is granted;

2. Defendant's cross-motion for summary judgment (Dkt. No. 19) is denied;

3. The Commissioner's decision is reversed; and

4. This matter is remanded for further proceedings consistent with this order.

Dated: January 30, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DLB1\orders.soc sec\kingsley1157.ord